FILED
SUPERIOR COURT
OF GUAM

2025 APR 22 AM 9: 15

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ALLAIN RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MARY C. MANIBUSAN,<br><br>Defendant. | DOMESTIC CASE NO. **DM0066-20**<br><br>**DECISION AND ORDER DENYING MOTION TO MODIFY CUSTODY** |

In this custody dispute, the Court considers Defendant Mary Manibusan's Motion to Modify Custody. The Court finds there is no persuasive showing of changed circumstances affecting the children to warrant modifying custody. The Court, therefore, DENIES Mary's motion. Additionally, the Court finds Allain has provided sufficient grounds for the Court to grant his request to terminate communication and visitation between Mary and Allain as well as the children.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2023, the Court granted Plaintiff Allain Rodriguez's Motion to Modify Custody. Dec. & Order Re Mot. Modify Custody at 1 (Jun. 14, 2023) ("June 2023 D&O"). The June 2023 D&O determined joint custody was not in the best interest of the children; it granted Allain sole legal and physical custody, with Mary allowed visitation with the children as determined by Allain. *Id.* at 18.[1] Upon the issuance of the June 2023 D&O, the Court ordered

---

[1] The June 2023 D&O contains the Court's full reasoning. *Id.* The Court significantly weighed serious medical concerns regarding the children, Mary's false publication of medical issues involving the children, and a disturbing communication Mary sent to Allain's superior officer

ORIGINAL

Child Protective Services to remove the minors from Mary's custody until Allain retrieved the children and relocated them to Colorado.

Mary moved for the Court to reconsider its June 2023 D&O, which the Court denied in its November 3, 2023 Decision and Order Denying Motion for Reconsideration. In its November 2023 D&O, the Court reinforced that Allain is allowed to determine Mary's visitation with the children. November 2023 D&O at 4. Further, it detailed the multiple attempts Mary made to contact the Court since the issuance of the June 2023 D&O and her behavior contacting Colorado law enforcement when she is unsatisfied. *Id.* at 5. The Court also included a discussion regarding the children's mental and physical health upon being placed in Allain's care. *Id.* at 2-3.

Mary again moves to modify custody because she has been unable to contact the children for over a year. P. & A. in Supp. Mot. Modify Custody at 1 (Jan. 10, 2025). She requests that the Court create a schedule to allow her to have contact through some virtual process and possibly in person if she travels to the region where the children live. *Id.* Mary offers that virtual contact can be recorded by Allain so there is no question as to what is being discussed with the children. *Id.* at 3. Mary states that her attempts to coordinate virtual visits in the past did not work for a myriad of reasons, including finances and scheduling. Decl. Def. at 1 (Jan. 10, 2025) ("Mary Declaration 1"). She argues that the Court implied a visitation schedule should be set in its D&Os, Allain's actions go against the spirit of the Court's Orders, and that it is not

---

stating, "I might well take my life and my children for justice will never come." *Id.* at 14-17. In addition, the Court found that Mary had a history of making false allegations claims relative to her own marital status and being abused by Allain. *Id.* The Court further noted in its November 3, 2023 Decision and Order Denying Motion for Reconsideration Mary's concerning behavior after the issuance of its June 2023 D&O, including Mary's repetitive messaging and calling of Allain and contacting Colorado police. November 2023 D&O at 5.

ORIGINAL

in the children's best interest to have no contact with their mother. P. & A. in Supp. Mot. Modify Custody at 2-3.

Allain opposes Mary's motion stating that there has been no substantial change in circumstance that warrants modification. Opp'n to Def.'s Mot. Modify Custody at 3 (Feb. 7, 2025). Further, he states how Mary has continued with the concerning behavior the Court noted in its November 2023 D&O by continuing to call the local police department and contacting his wife's employer. Decl. Allain Rodriguez Re: Opp'n to Def.'s Mot. Modify Custody at 5 (Feb. 7, 2025). He details that when he attempted to arrange virtual visitation with Mary, she was uncooperative with agencies and refused to pay for services. Opp'n to Def.'s Mot. Modify Custody at 2-3; Decl. Allain Rodriguez Re: Opp'n to Def.'s Mot. Modify Custody at 3-4.

Moreover, Allain raises an incident where Mary discussed being nearby and seeing the children, which raised his concern for their safety. Decl. Allain Rodriguez Re: Opp'n to Def.'s Mot. Modify Custody at 4-5. Specifically, Mary sent messages stating, "I'm coming to see you since I'm in Colorado;" "Thank you for letting me see my children. It's was a great feeling seeing them and hugging them;" "I have seen my children I'm literally 15 minutes away from them [...] Pay attention when they say I saw mama cause they are not lying;" "Still think I'm in Guam!!! Poor baby left in the cold. Cause we came to take over;" and "I have seen my children and they have seen me." *Id.*, Exs. M-Q. These messages put his family on alert and made him fear that Mary would kidnap the children. *Id.* at 4. Additionally, he continues to be concerned about the possibility of Mary profiting off the children by publishing a book with their names. *Id.* at 3. Further, he discusses how the children have undergone therapy as well as dental procedures since being placed in his custody, and he is concerned that contact with Mary will derail their progress. *Id.* at 5. He does not request the Court terminate Mary's parental rights but


ORIGINAL

does request that the Court terminate her visitation or communication with the children and her ability to contact him. *Id.* at 6; Opp'n to Def.'s Mot. Modify Custody at 3.

Mary replies that if the Court sets a visitation schedule, she will have no need to communicate with Allain and that the current order has effectively terminated her parental rights. Reply to Opp'n to Mot. Modify Custody at 2 (Mar. 13, 2025). She asserts that she is not making money off of the children and that the book discussed was an unpublished school project her adult daughter Pulani worked on. Decl. Def. at 4-5 (Mar. 13, 2025) ("Mary Declaration 2"). Mary addresses the emails about seeing the children in Colorado and states that she was visiting "other children in [her] life that recognized [her] as their mother figure." *Id.* at 8. She states she traveled to Washington to receive medical treatment and then went to Colorado to visit those "other children." *Id.* She states that she would not disrespect the Court by "acting this way." *Id.* Mary then alleges that Allain is "brainwashing" the children against her and that Allain failed to change one of the children's names as was required in the June 2023 D&O and as such he has "kidnapped" them using an invalid birth certificate. *Id.* at 14, 16.

## II.   <u>LAW AND DISCUSSION</u>

A court may modify a custody arrangement whenever "the best interests of the child require or justify such modification." 19 GCA § 8404(a)(6); *Lanser v. Lanser*, 2003 Guam 14 ¶ 9. "[T]o justify ordering a change in custody there must generally be a persuasive showing of changed circumstances affecting the child." *Lanser*, 2003 Guam 14 ¶ 9 n.2 (citing *In re Marriage of Carney*, 598 P.2d 36, 38 (Cal. 1979)).

Mary continues to assert that she has had insufficient visitation and communication with the children. This was the "new fact" Mary presented in her July 24, 2023 Motion for Reconsideration, however, now she asserts that she has had no contact with the children for over



a year. She asserts that the lack of communication effectively terminates her rights which is not in the children's best interest. P. & A. in Supp. Mot. Modify Custody at 2. The fact that Mary has not had communication with the children, however, means that there has been no change in circumstance affecting the children since that is the same situation that existed when the Court issued its last D&O. Mary and Allain both discuss events that occurred before the November 2023 D&O, specifically regarding visitation, however the Court adequately considered these events in its November 2023 D&O. Allain brings information regarding new developments since the November 2023 D&O. This new information, specifically about the concerning emails implying that Mary was going behind the Court's Orders to see the children in Colorado, disfavors modifying custody.

Mary argues that a Court-set visitation schedule would eliminate her need to communicate with Allain. Mary's behavior has not given the Court faith that if it sets a visitation schedule she will stop harassing Allain. Allain has stated that since the November 2023 D&O she has continued to email him and contact local police enforcement. It was Mary's concerning behavior that required the Court to set the current visitation structure, and she has continued to perpetuate this behavior.

Additionally, the Court believes that finality on these issues, when a change of circumstance is not provided, is important for families and the stability of children. In assessing a contentious custody dispute between parents with one parent repeatedly requesting the court to reconsider modifications to custody and visitation, the Guam Supreme Court upheld a decision to award sole custody of a child. *Palomo v. Bustamante*, 2019 Guam 5 ¶ 1. There, the Guam Supreme Court emphasized the detrimental impacts on the child by being caught between two parents unable to work together. *Id.* ¶ 39. It discussed how the parties were unable to resolve



issues regarding visitation and instead "constantly [sought] the court's involvement to resolve these matters." *Id.* ¶ 38. The court detailed that this inability to communicate on simple logistical matters, "coupled with the evidence of improvements in [the child's] demeanor and education while under the sole care and supervision of Palomo" supported the trial court's determination. Similarly, the Court here finds that Mary and Allain are unable to work together and that the Court cannot keep resolving simple matters for them. Further, a supplemental goal of the justice system is to ultimately decrease the involvement of law enforcement and the courts in the lives of families as they adapt to their new normal. June 2023 D&O at 17; November 2023 D&O at 5. The Court believes that the introduction of a visitation schedule set by the Court will likely not reduce Mary's attempts to harass Allain and will derail the stability that the children currently have.

Mary further argues that Allain has kidnapped the children because he failed to change one of the children's names per its June 2023 D&O. With regards to this, the Court finds that Mary has not provided any evidence to support this assertion. Regardless, the Court does not find that this is a sufficient material fact to form the basis of modifying custody or increasing visitation.

As there has been no persuasive showing of changed circumstances affecting the children, the Court DENIES Mary's Motion to Modify Custody. The Court notes that this is the second time that Mary has made motions based on not having sufficient visitation or communication with the children. This argument is simply a re-iteration of the previous "new" fact Mary presented in her Motion for Reconsideration which the Court denied. The Court has already warned Mary about its ability to find an individual to be a vexatious litigant and ability to impose a pre-filing order upon such a litigant. November 2023 D&O at 4; *RSA-Tumon, LLC*



*v. Pitt County Memorial Hospital, Inc.*, 2023 Guam 8 ¶¶ 13, 40. Should Mary continue to submit filings asserting arguments the Court has already disposed of, the Court will entertain Motions for Contempt and the issuance of a vexatious litigant pre-filing order.

### III.    ALLAIN'S REQUEST TO TERMINATE MARY'S COMMUNICATION AND VISITATION

Allain does not request a termination of Mary's parental rights, however he does request a termination of Mary's contact with him and termination of visitation and communication with the children. In its November 2023 D&O the Court warned Mary that it could eliminate Mary's visitation and communication with the children if she continued to act in a harassing manner. November 2023 D&O at 5.

The Court finds the harassment has continued. Allain's fears about the children being kidnapped were reasonable when Mary sent him messages about seeing the children in Colorado. Mary's emails imply that she is speaking about the children the two share, not her "other children," especially because she tells Allain "I am coming to see you" and thanks him for "letting [her] see [her] children." Decl. Allain Rodriguez Re: Opp'n to Def.'s Mot. Modify Custody, Exs. M, N. It is reasonable that Allain would fear that the children would be kidnapped when Mary made statements like "we came to take over." *Id.*, Ex. P. This behavior deeply concerns the Court, once again.

Further, the Court finds Mary's actions defy the Court's Orders. The Court explicitly told Mary twice that it is up to Allain to determine visitation with the children. Mary again disregards the Court's decisions by flying to Colorado with the aim of seeing the children without Allain's consent. Accordingly, the Court GRANTS Allain's request to terminate contact between Mary and Allain as well as communication and visitation between Mary and the children until determined appropriate by Allain.

ORIGINAL

## IV.     CONCLUSION AND ORDER

The Court DENIES Mary's Motion to Modify Custody as she has failed to provide a persuasive showing of changed circumstances affecting the children to warrant modifying custody. Additionally, the Court GRANTS Allain's request to terminate contact between Mary and Allain as well as communication and visitation between Mary and the children.

**SO ORDERED, 22 April 2025.**

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Catherine Bejerana-Camacho, Esq., Law Office of Catherine Bejerana Camacho, Esq., for
        Plaintiff Allain Rodriguez
Jeffrey A. Cook, Esq., Law Offices Cunliffe & Cook for Defendant Mary C. Manibusan

ORIGINAL